**NATHANIEL L. NICOLL (SBN 225509)**
**FRIEDMAN LAW FIRM**
1383 Garden Highway, Suite 200
Sacramento, CA 95833
Telephone: (916) 800-4454
FACSIMILE: (855) 377-6235

Attorney for Respondent

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No.: 2:25-at-99905 |
| | **PETITION FOR WRIT OF MANDAMUS** |
| ARMINE DAVTYAN, | **(IMMIGRATION MANDAMUS CASE)** |
| Plaintiffs, | |
| U.S. ATTORNEY GENERAL; PAM BONDI, in her capacity as U.S. Attorney General; U.S. DEPARTMENT OF HOMLAND SECURITY; KRISTI NOEM, in his official capacity as Secretary of Homeland Security; U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); UR MENDOZA JADDOU, in her official capacity as Director of USCIS | |

PETITION FOR WRIT OF MANDAMUS (IMMIGRATION MANDAMUS CASE) - 1

**INTRODUCTION**

Plaintiff, Armine Davtyan ("Plaintiff") requests issuance of a writ of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") ordering Defendants to schedule and provide Plaintiff with a credible fear screening as required by US law in light of her expressing a fear of return to her home country and an intention to seek asylum in the United States.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Plaintiffs ask this court to compel Defendants, officers of the United States, to perform a duty owed under 8 U.S.C. § 1158(d)(5)(A)(iii).

2. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Plaintiff's are aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 *et seq.*

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-2, which authorizes the issuance of a declaratory judgment.

4. Costs and fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq.*

5. Venue is proper in this judicial district pursuant to because this judicial district is where the Plaintiff is detained.

**PARTIES**

6. Plaintiff is a native and citizen of Armenia who came to the United States to escape persecution and seek asylum.

7.  The United States Citizenship and Immigration Services ("USCIS"), is the defendant agency charged with inter alia conducting credible fear screening.  It has the obligation, upon Plaintiff expressing a fear of return to her home country or an intention to seek asylum in the United States, to interview Plaintiff and determine whether she has a credible fear.

8.  Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS") and oversees DHS.  In her official capacity, she is charged with the administration and enforcement of the INA, including the referral of asylum seekers for credible fear screening, has the authority to determine the refugee status of applicants pursuant to 8 U.S.C. § 1158(b)(1)(A), and is authorized to delegate such powers and authority to employees of DHS, including those of USCIS.  *See* 8 U.S.C. § 1103(a)(1).  Defendant Noem is named in this complaint in her official capacity.

9.  Defendant Ur M. Jaddou is the Director of USCIS, the agency charged with scheduling and conducting Plaintiffs' credible fear screening.  Defendant Jaddou is named in her official capacity.

## ADMINISTRATIVE PROCEDURE ACT FRAMEWORK

10.  Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

11.  Assessing reasonableness is frequently found to involve a balancing test, in which a statutory requirement is a very substantial factor.  *See Telecommunications Research & Action Ctr. V. FCC*, 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

12.  the APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withhold."  Courts have held that this provision eliminates court discretion to

PETITION FOR WRIT OF MANDAMUS (IMMIGRATION MANDAMUS CASE) - 3

grant relief once an agency has violated a statutory deadline as is the situation here.  *See Forrest Guardians v. Babbit*, 174 F.3d 1178 (10th Cir. 1998); *see also Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when Congress has specifically provided a deadline for performance … no balancing of factors is required or permitted").

13.  Plaintiff has a statutory right to a credible fear screening pursuant to 8 C.F.R. § 235.3.

14.  Defendants have a statutory duty to provide Plaintiff with a credible fear screening pursuant to 8 C.F.R. §§ 208.30 and 235.3.

15.  Plaintiff has no adequate remedy at law and will suffer irreparable harm if she is not promptly provided with a credible fear screening.

## **MANDAMUS FRAMEWORK**

16.  Plaintiff has a statutory right to undergo a credible fear screening after expressing a fear of return to her home county or an intention to seek asylum pursuant to 8 U.S.C. § 235.3.

17. Defendants have a duty to refer for, schedule, and conduct a credible fear screening pursuant to 8 U.S.C. § 235.3.

18.  Plaintiff has no adequate remedy at law and will suffer irreparable harm if she is not promptly provided with a credible fear screening.

19.  Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

20.  Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction … and agreeable to the usages and principles of law.

## FACTUAL ALLEGATIONS

21.  Plaintiff was born in Armenia and entered the United States on March 20th, 2025.

22.  After entering the United States, Plaintiff expressed a fear of return to her home country and an intent to seek asylum in the United States to officers of the Department of Homeland Security.

23.  Though, per US statutes, Plaintiff should have been referred to USCIS for a credible fear screening upon expressing a fear of return to her home country or an intent to seek asylum in the United States, she was informed that she was to be summarily deported form the United States without a credible fear screening.

24.  Plaintiff was subsequently pressured to sign documents and accept summary deportation, her refusal to do so resulting in mistreatment by her deportation officer.

25.  As set forth in greater detail below, Plaintiff fears persecution in her country of citizenship and intends to seek asylum in the United States.  Instead of being provided her rights as an asylum seeker under the law, she has been denied a credible fear screening and is under threat of being extrajudicially deported under the color of law.

## PLAINTIFF'S ENTITLEMENT TO A CREDIBLE FEAR SCREENING

26.  8 C.F.R. § 235.3 addresses the procedures governing the handling of inadmissible aliens and expedited removal.

> (4) *Claim of asylum or fear of persecution or torture.* If an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer in accordance with 8 CFR 208.30.  The examining immigration officer shall record sufficient information in the sworn statement to establish and record that the alien has

PETITION FOR WRIT OF MANDAMUS (IMMIGRATION MANDAMUS CASE) - 5

indicated such intention, fear, or concern, and to establish the alien's inadmissibility. 8 C.F.R. § 235.3 (4)

27. Plaintiff verbally expressed to officers of the United States government a fear of return to her home country and an intent to seek asylum in the United States. This information was on her behalf brought to the attention of her deportation officer by her attorneys on May 7th, 2025. Per the unequivocal language of the statute, as Plaintiff expressed a fear of return to her home country and an intent to seek asylum in the United States, the officer "shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer in accordance with 8 CFR § 208.30." As of May 7th, 2025, USCIS has confirmed that Plaintiff had not been referred for the scheduling of a credible fear interview. (Exhibit A)

## ADDITIONAL VIOLATIONS OF POLICY BY THE DEPARTMENT OF HOMELAND SECURITY

28. When Plaintiff's deportation officer was asked to comply with US immigration law, the deportation officer refused to refer Plaintiff for a credible fear screening, stating that Plaintiff has been designated "212(f)" and was "not entitled to a credible fear interview." (Exhibit B) The deportation officer's reliance upon INA § 212(f) to summarily deport Plaintiff is at best a misunderstanding of the law or, at worst, a malicious attempt to extrajudicially deport Plaintiff from the United States before she can avail herself of the legal protections under the law that she is entitled to. Courts have held that INA § 212(f) does not allow a president to interfere with or subvert other parts of the INA or other federal laws, including INA § 208.30, which grants people the right to seek asylum in the United States: "Any alien who is physically present in the United

States or who arrives in the United States (whether or not in a designated port of arrival […]) irrespective of such alien's status, may apply for asylum." Undermining any contention that a presidential proclamation under 212(f), the Supreme Court held that such a proclamation "does not allow the President to expressly override particular provisions of the INA." Trump v. Hawaii, 585 U.S.___(2018). Whether through ignorance of the law or malice, Plaintiff's deportation officer has failed to refer Plaintiff for a credible fear screening as required by 8 C.F.R. § 235.3. The Department of Homeland Security is currently attempting to deport Plaintiff before this matter can be addressed.

## COUNT ONE

## MANDAMUS

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein and incorporates them by reference.

46. Pursuant to 28 U.S.C. § 1361, this Court may compel an officer or employee of the United States to perform a duty owed to the Plaintiffs.

47. Pursuant to 28 U.S.C. § 1651, the Court may issue any and all "Writs necessary or appropriate in aid of [the Court's] respective jurisdiction … and agreeable to the usages and principle of law.

48. Plaintiff has the right to be referred to USCIS for the scheduling of a credible fear screening.

49. Plaintiff also has the right to have USCIS perform said credible fear screening in accordance with 8 C.F.R. § 235.3.

50. No adequate remedy exists at law, for the reasons set forth above. Further, Plaintiff will suffer irreparable harm if she is summarily and extrajudicially removed from the United States without undergoing a statutorily mandated credible fear interview.

51. The denial of a credible fear screening is unreasonable and leaves Plaintiff without an adequate remedy.

52. Having diligently complied with the requirements of the law and exhausted any administrative remedies, Plaintiff seeks a writ of mandamus or in the nature of mandamus to end Defendants' unreasonable and unlawful denial of a credible fear screening.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants' actions in this matter arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02;

c. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(a) compelling Defendants to refer, schedule, and provide Plaintiff with a credible fear screening;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to refer, schedule, and provide Plaintiff with a credible fear screening;

e. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq*.

PETITION FOR WRIT OF MANDAMUS (IMMIGRATION MANDAMUS CASE) - 8

1    Dated:

2                                    Respectfully submitted,

3

4                                    _____
                                     Nathaniel L. Nicoll
5                                    Friedman Law Firm
                                     1387 Carden Hwy, Suite 100
6                                    Sacramento, CA 95833
                                     Telephone (916) 800-4454
7                                    E-mail: nate@friedman-firm.com
                                     *Attorneys for Plaintiffs*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
         PETITION FOR WRIT OF MANDAMUS (IMMIGRATION MANDAMUS CASE) - 9

Exhibit A

Friedman Law Firm Mail - DAVTYAN, ARMINE A# 249-013-829 Referral to USCIS for Credible Fear Interview                    5/27/25, 3:46 PM

 Gmail

**Nathaniel Nicoll <nate@friedman-firm.com>**

## DAVTYAN, ARMINE A# 249-013-829 Referral to USCIS for Credible Fear Interview

**AsylumD3Prescreening** <AsylumD3Prescreening@uscis.dhs.gov>                    Wed, May 7, 2025 at 12:00 PM
To: Nathaniel Nicoll <nate@friedman-firm.com>

Hello:

Thank you for your email and please accept this response as acknowledgement of receipt of the fully executed G-28.

Your client's case has not been referred to us or our office (USCIS) as of current. Once/When the applicant has been referred, USCIS will take further action.

Thank you.

On behalf of District 3

//cc

---------------------------------------------------------------------------------------------------------------------
--

WARNING: This document is FOR OFFICIAL USE ONLY (FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to Sensitive But Unclassified (SBU) information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval from the originator

**From:** Nathaniel Nicoll <nate@friedman-firm.com>
**Sent:** Wednesday, May 7, 2025 1:54 PM
**To:** AsylumD3Prescreening <AsylumD3Prescreening@uscis.dhs.gov>
**Subject:** Re: DAVTYAN, ARMINE A# 249-013-829 Referral to USCIS for Credible Fear Interview

**CAUTION:** This email originated from outside of the Federal Government. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the USCIS Security Operations Center with questions or click the "Report Phishing" button to report it as a phishing attempt.

Exhibit B

Friedman Law Firm Mail - DAVTYAN, ARMINE A# 249-013-829                                                    5/27/25, 3:49 PM



Nathaniel Nicoll <nate@friedman-firm.com>

## DAVTYAN, ARMINE A# 249-013-829

**Galvan Jr., Edmundo** <Edmundo.GalvanJr@ice.dhs.gov>                Wed, May 7, 2025 at 11:28 AM
To: Nathaniel Nicoll <nate@friedman-firm.com>
Cc: "Suchorabski, Mark T" <Mark.T.Suchorabski@ice.dhs.gov>

Your client will be referred for a CAT screening by the end of the day per current policy. She does not qualify for a
Credible Fear interview due to her case classification, please reach out to USCIS for clarification, ICE has no control
over the interview or its results.

Respectfully,

Edmundo Galvan

Deportation Officer – Detention Unit

Phoenix Field Office, Eloy Detention Center

Enforcement and Removal Operations

U.S. Immigration and Customs Enforcement

**From:** Nathaniel Nicoll <nate@friedman-firm.com>
**Sent:** Wednesday, May 7, 2025 11:21 AM
**To:** Galvan Jr., Edmundo <Edmundo.GalvanJr@ice.dhs.gov>
**Subject:** Re: DAVTYAN, ARMINE A# 249-013-829

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you
recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not
present, click here and follow instructions.

[Quoted text hidden]

## CERTIFICATE OF SERVICE

I hereby certify that on _May 27th, 2025_ I caused the foregoing Petition for Review to be served by U.S. mail/electronically to the following:

KRISTI NOEM, Secretary of DHS
245 Murray Lane, SW, Mail Stop 0485
Washington DC, 20528-0485

Ur M. Jaddou, Director USCIS
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

PAM BONDI, U.S. Attorney General
950 Pennsylvania Ave., NW
Washington D.C. 20530-0001



**Nathaniel L. Nicoll, Esq.**
**Friedman Law Firm**
**3947 Lennane Drie, Suite 150**
**Sacramento, CA 95834**
**(916) 800-4454**
**Attorneys for Plaintiffz**